**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6370**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HORACE ANTONIO TAYLOR, a/k/a Bloody Horace,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:13-cr-01036-JFA-1)

_____

Submitted:  February 24, 2025                    Decided:  March 3, 2025

_____

Before HARRIS and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Horace Antonio Taylor, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Horace Antonio Taylor appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines.  Pursuant to § 3582(c)(2), a district court may reduce "a defendant's term of imprisonment to give the defendant the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016).  "To decide whether to reduce a defendant's sentence under § 3582(c)(2), courts conduct a two-step inquiry." *Id.* (internal quotation marks omitted).  First, the court determines whether the defendant is eligible for a reduction: "Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (internal quotation marks omitted).  Second, the court may grant a reduction if it is consistent with the applicable 18 U.S.C. § 3553(a) factors.  *Id*.  "The ultimate decision whether to reduce a sentence and to what extent is committed to the district court's discretion." *Id*. (cleaned up).

Here, the district court found that Amendment 821, which lowered or eliminated status points in calculating criminal history points, reduced Taylor's criminal history category and his advisory Guidelines range.  The court therefore found that Taylor was eligible for a sentence reduction.  The court declined to reduce Taylor's sentence, however, based on the § 3553(a) factors.  We conclude that the district court did not abuse its discretion by denying Taylor's motion.  Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*